UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| SHROMA H. LANG,<br><br>                    Plaintiff,<br><br>     v.<br><br>CAROLYN W. COLVIN, Acting Commissioner of the Social Security Administration,<br><br>                    Defendant. | CASE NO. 13-cv-05704 JRC<br><br>ORDER ON PLAINTIFF'S COMPLAINT |

This Court has jurisdiction pursuant to 28 U.S.C. § 636(c), Fed. R. Civ. P. 73 and Local Magistrate Judge Rule MJR 13 (*see also* Notice of Initial Assignment to a U.S. Magistrate Judge and Consent Form, ECF No. 5; Consent to Proceed Before a United States Magistrate Judge, ECF No. 6). This matter has been fully briefed (*see* ECF Nos. 14, 15, 16).

After considering and reviewing the record, the Court finds that the ALJ erred in reviewing the medical evidence. The ALJ failed to credit fully an examining doctor's

opinion by finding that the opinion was inconsistent with plaintiff's reported activities. However, the doctor's opinion regarding difficulties with work pressures and adequate pace are not inconsistent with plaintiff's reported activities.

Therefore, this matter is reversed and remanded pursuant to sentence four of 42 U.S.C. § 405(g) for further administrative consideration.

## BACKGROUND

Plaintiff, SHROMA H. LANG, was born in 1955 and was 46 years old on the alleged date of disability onset of January 1, 2002 (*see* Tr. 135-141, 142-148). At the hearing, plaintiff amended the alleged date of disability onset to February 25, 2010 (Tr. 38-40). Plaintiff dropped out of school after the ninth grade but later obtained his GED (Tr. 43, 241). Plaintiff has work experience in construction, asbestos abatement and various temporary jobs through a temp service (Tr. 41-43).

Plaintiff has at least the severe impairments of "a learning disorder; major depressive disorder; general anxiety disorder; posttraumatic stress disorder; and substance abuse disorder (10 CFR 404.1520(c) and 416.920(c))" (Tr. 18).

At the time of the hearing, plaintiff was living at a homeless shelter (Tr. 40).

## PROCEDURAL HISTORY

Plaintiff filed an application for disability insurance ('DIB') benefits pursuant to 42 U.S.C. § 423 (Title II) and Supplemental Security Income ('SSI') benefits pursuant to 42 U.S.C. § 1382(a) (Title XVI) of the Social Security Act (*see* Tr. 135-41, 142-148; *see also* Tr. 61-64, 68-79). Plaintiff's requested hearing was held before Administrative Law Judge Robert P. Kingsley ('the ALJ') on November 15, 2011 (*see* Tr. 34-56). On

ORDER ON PLAINTIFF'S COMPLAINT - 2

December 12, 2011, the ALJ issued a written decision in which the ALJ concluded that plaintiff was not disabled pursuant to the Social Security Act (*see* Tr.13-33).

In plaintiff's Opening Brief, plaintiff raises the following issues: (1) Did the ALJ err in reviewing the medical evidence; (2) Did the ALJ err by using improper reasons for rejecting the observations of Robert Badgley, a social worker; (3) Did the ALJ make an improper credibility assessment; and (4) Did the ALJ err by failing to incorporate all relevant limitations in the hypothetical question posed to the VE (*see* ECF No. 14, pp. 1-2).

## STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits if the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005) (*citing Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1999)).

## DISCUSSION

**(1)    The ALJ erred in his review of the medical evidence.**

    **a.  Dr. Loren McCollom, Ph.D., examining doctor**

Dr. McCollom examined plaintiff in February, 2010 (*see* Tr. 238-47). Dr. McCollom provided numerous opinions regarding plaintiff's work limitations resulting from his impairments. For example, in the medical source statement, Dr. McCollom opined that plaintiff's "difficulties in memory speed and acquisition of information from memory were readily apparent during the interview [and] were due to his

depressive/anxiety symptoms (Tr. 245). Dr. McCollum opined further that plaintiff "required slightly more than the typical and expected time to respond adequately to the interview and testing questions and tasks" (*id.*). Dr. McCollom opined that plaintiff "may be able to perform simple, routine job tasks" (*id.*).

Regarding sustained concentration and persistence, Dr. McCollum noted that plaintiff's "Processing Speed falls within the Extremely Low range" (Tr. 246). With respect to adaptation limitations, Dr. McCollom opined that plaintiff "demonstrates moderate/severe mental limitation in his ability to manage stress associated with relating with others or handling stress related to carrying out work-related tasks with adequate pace and perseverance particularly over a prolonged period of time, including an eight-hour day or five-day work week" (*id.*)

The ALJ gave significant weight to some of Dr. McCollom's opinions, finding that they were consistent with his objective findings upon his examination of the claimant . . . . [and] consistent with the overall evidence of record" (*see* Tr. 23). The ALJ provided only "little weight" to other of Dr. McCollom's opinions as follows:

> However, with respect to [Dr. McCollom's] assessment that the claimant has moderate to severe difficulties withstanding day-to-day pressures and managing the stress associated with relating to others, as well as moderate difficulties completing simple, repetitive tasks with adequate pace in an eight-hour workday, I give his opinion little weight. I note that this degree of limitation is not consistent with the claimant's own report of his activities of daily living; he states that he had no difficulty interacting with family, friends, neighbors, and others (internal citation to Exhibit 1F/4; 7E/6-7). Furthermore, the claimant was able to interact with Dr. McCollom throughout the examination (internal citation to exhibit 1F/2, 5). Additionally, the claimant has described his typical day as consisting of such activities as taking care of his personal needs, having coffee and sometimes breakfast, walking or taking public

      transportation daily; going to temporary services to find a job, and preparing meals without difficulty (internal citation to Exhibit 7E/1, 3-4).

(Tr. 24).

Based on a review of the record, the Court concludes that the ALJ's finding that Dr. McCollom's opinions were inconsistent with plaintiff's activities is not supported by substantial evidence in the record as a whole. Dr. McCollom's opinion regarding difficulties withstanding work pressures and relating to supervisors and coworkers as well as plaintiff's difficulties maintaining adequate pace are not inconsistent with plaintiff's activities of interacting with his family, friends and neighbors; interacting with the examining doctor; having coffee; eating breakfast; walking; taking public transportation; preparing meals and going to temporary work services. None of these reported activities involve dealing with work pressures and relating to supervisors. Nor do these activities contradict plaintiff's ability to maintain pace.

Even if an examining physician's opinion is contradicted, that opinion can be rejected only "for specific and legitimate reasons that are supported by substantial evidence in the record." *Lester v. Chater*, 81 F.3d 821, 830-31 (9th Cir. 1996) (*citing Andrews v. Shalala*, 53 F.3d 1035, 1043 (9th Cir. 1995); *see also Murray v. Heckler*, 722 F.2d 499, 502 (9th Cir. 1983)). Because the ALJ did not provide specific and legitimate reasons for failing to credit fully Dr. McCollom's opinions of plaintiff's moderate to severe limitations regarding dealing adequately with the day-to-day pressures of full-time work and difficulties maintaining adequate pace even with simple, repetitive tasks, the Court concludes that the ALJ erred in his review of Dr. McCollom's medical opinion. *See id.*;

*see also Reddick, supra*, 157 F.3d at 725 (*citing Embrey v. Bowen*, 849 F.2d 418, 421-22 (9th Cir. 1988)) (the ALJ must explain why his own interpretations, rather than those of the doctors, are correct).

Based on a review of the relevant record, the Court concludes that this is not harmless error.

The Ninth Circuit has "recognized that harmless error principles apply in the Social Security Act context." *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012) (*citing Stout v. Commissioner, Social Security Administration*, 454 F.3d 1050, 1054 (9th Cir. 2006) (collecting cases)). The Ninth Circuit noted that "in each case we look at the record as a whole to determine [if] the error alters the outcome of the case." *Id.* The court also noted that the Ninth Circuit has "adhered to the general principle that an ALJ's error is harmless where it is 'inconsequential to the ultimate nondisability determination.'" *Id.* (*quoting Carmickle v. Comm'r Soc. Sec. Admin.*, 533 F.3d 1155, 1162 (9th Cir. 2008)) (other citations omitted). The court noted the necessity to follow the rule that courts must review cases "without regard to errors' that do not affect the parties' 'substantial rights.'" *Id.* at 1118 (*quoting Shinsheki v. Sanders*, 556 U.S. 396, 407 (2009) (*quoting* 28 U.S.C. § 2111) (codification of the harmless error rule)).

The ALJ did not include limitation on plaintiff's pace into his RFC and did not credit Dr. McCollom's opinion that plaintiff suffered from moderate to severe limitation on his ability to deal with work pressures (*see* Tr. 20). These opined limitations by Dr. McCollom likewise were not included in the hypothetical presented to the vocational expert ("VE"), on whose testimony the ALJ relied when making his step four and step five

determinations that plaintiff could perform his past relevant work as well as other work existing in the national economy (*see* Tr. 27-28, 54-55). It is these RFC and steps four and five findings on which the ALJ's based his ultimate determination regarding non-disability in this matter (*see* Tr. 27-28).

Therefore, this matter is reversed and remanded for further administrative proceedings.

### b.  Dr. Michael L. Brown, Ph.D., non-examining doctor

The ALJ gave "great weight to the opinion of Dr. Michael L. Brown, Ph.D., the state agency medical consultant (Exhibit 5F, as affirmed by the Office of Quality Performance Medical Consultant, Marva Dawkins, Ph.D. (Exhibit 14F and 15F))" (Tr. 26). The ALJ found that "Dr. Brown's opinion is consistent with the overall evidence of record, including the objective medial evidence and the claimant's reports of his activities" (*id.*).

Dr. Brown opined that plaintiff "is capable of SRT [simple, repetitive tasks] where pace is not a priority" (*see* Tr. 269). However, while the ALJ found that plaintiff was capable of "simple, routine, and repetitive one to two step tasks," the ALJ did not restrict plaintiff's RFC to tasks at which "pace is not a priority" (*see* Tr. 20). The ALJ also did not indicate awareness of this aspect of Dr. Brown's opinion and did not provide any reason for his failure to include this limitation into plaintiff's RFC.

According to Social Security Ruling (hereinafter "SSR") 96-6p, "[a]dministrative law judges . . . . may not ignore the[] opinions [of state agency medical and psychological

consultants] and must explain the weight given to the opinions in their decisions." SSR 96-6p, 1996 SSR LEXIS 3, 1996 WL 374180 at *2. This ruling also provides that "the administrative law judge or Appeals Council must consider and evaluate any assessment of the individual's RFC by State agency medical or psychological consultants," and said assessments "are to be considered and addressed in the decision." *Id.* at *10.

This opinion regarding pace by Dr. Brown should be included into plaintiff's RFC or adequate reasons should be provided for any failure to do so. *See id.*

**(2) Did the ALJ make an improper credibility assessment by engaging in a selective reading of the record and which is contrary to the medical evidence as a whole?**

The Court already has concluded that the ALJ erred in reviewing the medical evidence and that this matter should be reversed and remanded for further consideration, *see supra*, section 1. In addition, a determination of a claimant's credibility relies in part on the assessment of the medical evidence. *See* 20 C.F.R. § 404.1529(c). Therefore, plaintiff's credibility should be assessed anew following remand of this matter.

**(3) Did the ALJ err by rejecting the observations of Robert Badgley, a social worker, based on improper reasons?**

Here, plaintiff contends that the ALJ erred by failing to credit fully the opinion of Mr. Badgley, a social worker who provided a lay opinion, by finding in part that it was based largely on plaintiff's subjective complaints.

The Court concludes, based on a review of the relevant record, that the ALJ's finding that Mr. Badgley's opinion largely appears based on plaintiff's subjective reports is a finding based on substantial evidence in the record as a whole. Other than a response

that specifically questioned whether or not the person filling out the form "noticed any unusual behavior or fears in the disabled person," the remainder of the questions may have been answered based largely on plaintiff's subjective answers and complaints (*see* Tr. 200; *see also* Tr. 194-201). However, as the Court has concluded that plaintiff's credibility must be assessed anew, *see supra*, section 2, Mr. Badgley's opinion must be evaluated anew, as well.

**(4)   Did the ALJ err by failing to incorporate all relevant limitations in the hypothetical question posed to the VE leading to erroneous findings at step 4 and step 5?**

Similarly, the remainder of the steps of the sequential disability evaluation process must be complete anew following remand of this matter, and the Court will not discuss the remaining issues raised by plaintiff.

## CONCLUSION

The ALJ erred in reviewing the medical evidence by relying on a finding of an inconsistency that was not based on substantial evidence in the record as a whole.

For this reason and based on the relevant record, the Court **ORDERS** that this matter be **REVERSED** and **REMANDED** pursuant to sentence four of 42 U.S.C. § 405(g) to the Acting Commissioner for further consideration.

**JUDGMENT** should be for plaintiff and the case should be closed.

Dated this 22nd day of May, 2014.

J. Richard Creatura
United States Magistrate Judge